IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARY K. BOLEY,** *et al.* | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO.  20-2644** |
| | : | |
| **UNIVERSAL HEALTH SERVICES,** | : | |
| **INC.,** *et al.* | : | |

# ORDER

**AND NOW,** this 8ᵗʰ day of March 2021, upon considering Plaintiffs' Motion for Class

Certification (ECF Doc. No. 52), Defendants' Opposition (ECF Doc. No. 53), Plaintiffs' Reply

(ECF Doc. No. 54), and for reasons in the accompanying Memorandum, it is **ORDERED**

Plaintiff's  Motion (ECF Doc. No. 52) is **GRANTED** and:

1.  We preliminarily certify this action to proceed as a class action for breach of

fiduciary duty under ERISA and under  Fed.R.Civ.P.  23(b)(1)(B) for the defined Class of:

> **All participants and beneficiaries in the Universal Health
> Services, Inc. Retirement Savings Plan at any time on or after
> June 5, 2014 to the present ("Class Period"), including a
> beneficiary of a deceased person who was a participant in the
> Plan at any time during the Class Period.**

2.  **Class Findings**. We preliminarily find Plaintiffs satisfy prerequisites for a class

action under Fed. R. Civ. P. 23(a), (b)(1)):

  a.  The  large  number  of  class  members  renders  joinder  of  all  members

impracticable;

  b.  Defendants' alleged conduct affects all Class members;

  c.  There are questions of law and fact common to the Class including claims

and defenses regarding whether Defendants breach fiduciary duties to the Class under ERISA by

allegedly retaining more expensive and underperforming funds despite the availability of lower

cost funds, failing to monitor excessive record keeping and administrative fees and costs relative to other similar plans, offering excessively expensive menu of investment options, and failing to monitor their appointees;

d.      Plaintiffs' claims are typical of the claims of the Class each seeks to represent during the Class Period;

e.      Each Plaintiff is an adequate representative who will fairly and adequately protect the Class interests; and,

f.      Plaintiffs retained experienced ERISA fiduciary and class action counsel who will fairly and adequately protect the Class interests: Capozzi Adler, P.C. and Shepherd Finkelman Miller & Shah, LLP.

3.      **Class Representative**. We preliminary find and conclude under Fed. R. Civ. P. 23, and in reliance upon their certifications (ECF Doc. No. 52-2) and depositions, Mary K. Boley, Kandie Sutter, and Phyllis Johnson are adequate representatives of the Class and certify each as a Class representative.

4.      **Class Counsel**.  Plaintiffs' counsel Capozzi Adler. P.C. (led by Mark K. Gyandoh, Donald R. Reavey and Gabrielle P. Kelerchian) and Shepherd Finkelman Miller & Shah, LLP (led by James E. Miller, James C. Shah, Eric L. Young, and Laurie Rubinow) is authorized to act on behalf of the Class with respect to all acts required by, or necessary to be taken under, the Rules of Civil Procedure and our Orders and Policies.

5.      **Class Notice.**   Counsel shall, as soon as practicable, confer regarding appropriate Notice to the Class.   As soon as possible and no later than **March 22, 2021,** Plaintiff's counsel shall submit a joint motion to approve a form and protocol for Notice to the Class to satisfy the

terms and due process obligations under Rule 23 and, if necessary, including describing both

parties' position on any remaining irreconcilable objection to the negotiated Notice.


_____

**KEARNEY, J.**