IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY K. BOLEY, KANDIE SUTTER and PHYLLIS JOHNSON, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>        v.<br><br>UNIVERSAL HEALTH SERVICES, INC., THE UHS RETIREMENT PLANS INVESTMENT COMMITTEE, and JOHN DOES 1-20.<br><br>                    Defendants. | CIVIL ACTION NO.: 2:20-CV-02644 |

**PLAINTIFFS' MEMORANDUM REGARDING NOTICE TO THE CLASS**

Plaintiffs, Mary K. Boley, Kandie Sutter, and Phyllis Johnson ("Plaintiffs"), respectfully submit this Memorandum Regarding Notice to the Class in response to the Court's Order dated March 22, 2021 (ECF No. 61). Plaintiffs believe that providing notice to the Class is appropriate in this case and attach a proposed form for notice (the "Notice") to the Class as Exhibit A.[1] As described in more detail below, Plaintiffs propose that the Notice be issued by national publication and email to participants and beneficiaries of the Plan. Since Defendants have filed a petition pursuant to Rule 23(f)[2] for appellate review of this Court's order certifying the Class (ECF No. 57), Plaintiffs believe that, in the interests of judicial economy and conservation of the parties' resources, the Court should defer entering any order requiring issuance of notice for 120 days from the filing of Defendants' petition to allow the Court of Appeals to resolve Defendants'

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning as in the Court's March 8, 2021 Memorandum certifying the Class (ECF No. 56).

[2] References to "Rules" are to the Federal Rules of Civil Procedure.

petition.³  Finally, pursuant to the Court's Order dated November 19, 2020 ("Scheduling Order"), the parties continue to engage in fact discovery and Plaintiffs do not believe that Defendants' petition pursuant to Rule 23(f) necessitates any deviation from the schedule set out in the Scheduling Order.

**I.      NOTICE TO THE CLASS**

On March 8, 2021, the Court certified the Class under Rules 23(a) and (b)(1).  *See* ECF Nos. 56, 57.  Under Rule 23(c)(2), "[f]or any class certified under Rule 23(b)(1) or (b)(2), the court may direct appropriate notice to the class."  Fed. R. Civ. P. 23(c)(2).  While notice may not be absolutely required in cases certified under Rule 23(b)(1), Plaintiffs believe that notice is appropriate here to inform Class members of this action affecting their rights and benefits under the Plan, and can be achieved at a reasonable cost.  Plaintiffs are aware of other cases in which class notice has been ordered under similar circumstances.  *See, e.g.*, *Taylor v. ANB Bancshares, Inc.*, 2010 WL 4627841, at *13 (W.D. Ark. Oct. 18, 2010), *report and recommendation adopted*, 2010 WL 4627672 (W.D. Ark. Nov. 4, 2010); *Jones v. NovaStar Financial, Inc.*, 257 F.R.D. 181, 193-94 (W.D. Mo. 2009).

**A.      Form of Notice**

Plaintiffs' proposed Notice is attached as Exhibit A hereto.  Prior to this filing, counsel for Plaintiffs provided the proposed Notice to counsel for Defendants, who confirmed that Defendants have no objections to the form or content of the proposed Notice.  The proposed Notice succinctly explains Plaintiffs' allegations and the status of the litigation, identifies the certified Class, and provides contact information for Class Counsel.  *See* Exhibit A.  This is

---

³As set forth below, the vast majority of petitions pursuant to Rule 23(f) are adjudicated within 120 days of filing.

consistent with the approach articulated by the Third Circuit in *Walsh v. Great Atlantic & Pacific Tea Co., Inc.*, 726 F.2d 956, 962-63 (3d Cir. 1983).

In assessing the adequacy of the notice in *Walsh*, the Third Circuit used Rule 23(d) as a guide. *See* 726 F.2d at 962. Rule 23(d) provides that the court may issue orders that "require – to protect class members and fairly conduct the action – giving appropriate notice to some or all class members of: . . . (iii) the members' opportunity to signify whether they consider the representation fair and adequate, to intervene and present claims or defenses, or to otherwise come into the action . . . ." Fed. R. Civ. P. 23(d). The notice here provides the information necessary for class members to determine whether their representation in this action is adequate and follow the course of the litigation. Accordingly, the Court should approve of the form of the proposed Notice.

**B.     Protocol for Issuing Notice**

Plaintiffs propose that notice be provided to the Class by two methods: (1) publication of the Notice via PRNewswire or an alternative national wire service for nationwide publication; and (2) email transmittal of the Notice to all participants and beneficiaries for whom the Plan's recordkeeper has an email address. Plaintiffs propose retaining Strategic Claims Services ("SCS"), a nationally-recognized litigation claims administrator based in Media, Pennsylvania, to effectuate notice to the Class by the two methods described above.

In *Walsh*, the Third Circuit found that the district court's approval of pre-settlement notice published in two newspapers and mail to class members whose names and addresses appear on the books and records of the plan at issue was not an abuse of discretion. *See* 726 F.2d at 963. In addition to the cost advantages of providing notice by publication and email, SCS currently recommends, as a general matter, the service and return of claim forms by electronic

means in light of delays in mail as a result of COVID-19.[4]  Accordingly, the proposed protocol for issuing notice here meets the standard for approval articulated by the Third Circuit, is likely to apprise members of the Class of the status of this action, and is reasonable under the circumstances present here.

### C. Timing of Notice

Given that Defendants have filed a Rule 23(f) petition, Plaintiffs believe it would be sensible for the Court to defer entering any order requiring the issuance of notice to the Class to allow the Court of Appeals to resolve Defendants' petition.  According to a recent study, nearly 90% of Rule 23(f) petitions are decided within 120 days of filing, and potentially even less as it relates to decisions granting certification.[5]  Plaintiffs believe that there are no unique circumstances complicating Defendants' petition or likely to prolong consideration of the petition by the Third Circuit.  While Plaintiffs are confident that certification is amply supported by the record and the Court's certification order was well-reasoned and proper, Plaintiffs acknowledge that a decision by the Court of Appeals reversing the Court's certification order in any respect would bear on the form and protocol for any notice subsequently provided.

In light of the above, Plaintiffs respectfully submit that there is good cause to defer the entry of an order requiring the issuance of notice to the Class for 120 days.  If notice is provided within the next four to five months,[6] such notice will provide Class members with more than sufficient notice of certification and an opportunity to protect their interests in advance of the trial scheduled in October, 2021.  Further, Plaintiffs propose that, if the Court of Appeals has not

---

[4]*See* https://www.strategicclaims.net/.

[5]*See* Lammon, Bryan, An Empirical Study of Class-Action Appeals (April 30, 2020), pp. 34-35, available at: https://ssrn.com/abstract=3589733.

[6]The Plan's recordkeeper advises that it will take approximately two to three weeks to provide SCS with the email addresses of all Class members if the Court orders notice.

resolved Defendants' Rule 23(f) petition within 120 days of its filing, the parties should make a further submission to the Court addressing the timing of notice to the Class.

## II.     PRETRIAL PROGRESS

Pursuant to the Scheduling Order, the parties continue to engage in fact discovery and Plaintiffs expect to proceed with expert discovery pursuant to the dates set forth in the Scheduling Order.  To date, Plaintiffs have reviewed Defendants' initial production of documents, served a deposition notice pursuant to Fed. R. Civ. P. 30(b)(6), and have begun to prepare for fact depositions.  Defendants' filing of a Rule 23(f) petition does not automatically stay or alter any dates in the Scheduling Order, nor does the petition counsel for any deviation from the Scheduling Order here.  *See* Fed. R. Civ. P. 23(f).  Accordingly, Plaintiffs believe that the parties remain on track to complete all discovery in a timely, efficient, and cooperative manner, and for trial to timely occur pursuant to the Court's Scheduling Order.

## III.    CONCLUSION

Plaintiffs respectfully request that the Court approve the proposed Notice, but delay consideration of any order requiring notice to the Class for one hundred and twenty (120) days or such earlier date as the Rule 23(f) Petition is resolved.

Dated: March 29, 2021                                             Respectfully submitted,

/s/ James C. Shah
James C. Shah
Attorney ID No. 80337
Eric L. Young
Attorney ID No. 84109
Michael P. Ols
Attorney ID No. 326144
Alec J. Berin
Attorney ID No. 328071
MILLER SHAH LLP

1845 Walnut Street, Suite 806
Philadelphia, PA 19103
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: jcshah@millershah.com
 elyoung@millershah.com
 mpols@millershah.com
 ajberin@millershah.com

James E. Miller
Attorney ID No. 64280
Laurie Rubinow (pro hac vice)
MILLER SHAH LLP
65 Main Street
Chester, CT 06412
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: jemiller@millershah.com
 lrubinow@millershah.com

Kolin C. Tang (pro hac vice)
MILLER SHAH LLP
1401 Dove Street, Suite 510
Newport Beach, CA 92660
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: kctang@millershah.com

Mark K. Gyandoh
Attorney ID No. 88587
Gabrielle P. Kelerchian
Attorney ID No. 324248
CAPOZZI ADLER, P.C.
312 Old Lancaster Road
Merion Station, PA 19066
Telephone: (610) 890-0200
Facsimile: (717) 233-4103
Email: mark@capozziadler.com
 gabriellek@capozziadler.com

Donald R. Reavey
Attorney ID No. 82498
CAPOZZI ADLER, P.C.
2933 North Front Street
Harrisburg, PA 17110
Telephone: (717) 233-4101

Facsimile: (717) 233-4103
Email: donr@capozziadler.com

*Attorneys for Plaintiffs, the Plan
 and the Class*

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
*A Court Authorized This Notice. This ls Not A Legal Solicitation.*

If you are or were a participant or beneficiary in the Universal Health Services, Inc. Retirement Savings Plan at any time on or after June 5, 2014 to the present ("Class Period"), including a beneficiary of a deceased person who was a participant in the Plan at any time during the Class Period, a class action lawsuit may affect your rights.

This notice concerns a class action lawsuit brought by Plaintiffs, Mary K. Boley, Kandie Sutter, and Phyllis Johnson ("Plaintiffs"), on behalf of themselves and others who were participants and beneficiaries in the Universal Health Services, Inc. Retirement Savings Plan (the "Plan") at any time since June 5, 2014 to the present. The lawsuit is known as *Boley et al. v. Universal Health Services, Inc.*, Civil Action No 2:20-CV-02644-MAK.

Plaintiffs allege that Defendants, Universal Health Services, Inc. and the UHS Retirement Plans Investment Committee ("Defendants"), violated the Employee Retirement Income Security Act ("ERISA") by offering as investment options to Plan participants the active suite of Fidelity Freedom Funds and neglecting to offer participants less expensive available share classes or collective trusts of certain other Plan investments, all of which Plaintiffs assert was imprudent. Plaintiffs also allege that Defendants violated ERISA by allowing the Plan and its participants to pay excessive recordkeeping/administrative costs and investment-related fees for Plan investments.

Defendants deny all of Plaintiffs' claims and deny that they have violated ERISA in any way. Defendants also deny that any class members are entitled to any compensation, damages or other relief. There has been no decision regarding the outcome of Plaintiffs' claims. By establishing the Class and issuing this Notice, the Court is not expressing an opinion about the eventual outcome of this action.

**Class Certification**

On March 8, 2021, the Court issued an Order certifying the following Class:

> All participants and beneficiaries in the Universal Health Services, Inc. Retirement Savings Plan at any time on or after June 5, 2014 to the present, including a beneficiary of a deceased person who was a participant in the Plan at any time during the Class Period.

**How do I determine if I am a Class Member?**

The Class certified by the Court includes all current and former participants and beneficiaries of the Plan that were participants or beneficiaries at any time on or after June 5, 2014, including any beneficiaries of any deceased person who was a participant of the Plan during the Class Period. If you are receiving this Notice by email, Defendants have identified you as a Class Member. If you have any questions about whether you are a Class Member, please contact the lawyers who the Court has appointed as Class Counsel, who are identified below.

**Who represents me?**

The Court has appointed the following lawyers to represent the Class.

| | |
|---|---|
| Mark K. Gyandoh<br>Donald R. Reavey<br>Gabrielle P. Kelerchian<br>Capozzi Adler P.C.<br>312 Old Lancaster Road<br>Merion Station, PA 19066<br>Telephone: (610) 890-0200<br>Email: markg@cappoziadler.com<br>       donaldr@capozziadler.com<br>       gabriellek@capozziadler.com | James E. Miller<br>James C. Shah<br>Eric L. Young<br>Laurie Rubinow<br>Miller Shah LLP<br>1845 Walnut Street, Suite 806<br>Philadelphia, PA 19103<br>(866) 540-5505<br>Email: jemiller@millershah.com<br>       jcshah@millershah.com<br>       elyoung@millershah.com<br>       lrubinow@millershah.com |

You should contact the above Class Counsel if you have any questions about this case.  You may also hire your own attorney, if you wish, to represent your interests in this case but you may have to pay that attorney.

**What are my options if I am a Class Member?**

The Court has certified the Class under Rule 23(b)(1) of the Federal Rules of Civil Procedure.  You do not have a right to exclude yourself from the Class.  You do have the right to be kept updated regarding the progress of the litigation, including attending the trial of this action, and you should contact the above Class Counsel if you have any questions in that regard.  This case is currently scheduled to begin trial on October 18, 2021 in Courtroom 6B of the United States Courthouse at 601 Market Street, Philadelphia, PA 19106.   You will receive a separate notice if a proposed resolution is reached in this case at any point in the future or if a judgment is entered in favor of the Class.

PLEASE DO NOT CONTACT THE COURT OR DEFENDANTS ABOUT THIS NOTICE