IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| MARY K. BOLEY, *et al.* | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 20-2644 |
| | : | |
| UNIVERSAL HEALTH SERVICES, INC., *et al.* | : | |

# MEMORANDUM

**KEARNEY, J.** May 27, 2021

Universal Health Services, Inc. sponsors the Universal Health Services, Inc. Retirement Savings Plan ("Plan"), a defined contribution plan with assets totaling over $1.9 billion and offering over thirty investment options.[1] Former Universal Health employees Mary Boley, Kandie Sutter, and Phyllis Johnson ("Participants"), on behalf of the Plan and a purported class of tens of thousands of similarly situated Plan participants and beneficiaries, sued Universal Health and its Investment Committee (the "Fiduciaries") last June under the Employee Retirement Income Security Act of 1974 ("ERISA"), alleging various breaches of fiduciary duties relating to the Plan's decision-making processes and recordkeeping.[2]

The Fiduciaries, largely relying on the Supreme Court's recent decision in *Thole v. U.S. Bank, N.A.*,[3] moved to partially dismiss the Participants' claims last year arguing they lacked constitutional standing to pursue claims relating to alleged losses in discrete investment options they never selected.[4] We denied the Fiduciaries' motion after finding *Thole* to be of limited relevance in the context of defined contribution plans.[5] We found the Participants plead individualized injury – and therefore standing – with respect to each of their claims.[6]

We then met with counsel to discuss discovery and trial scheduling. We entered a detailed schedule on November 19, 2020 setting dates for close of discovery by July 19, 2021, followed by dispositive motions and counsel attached for trial beginning October 18, 2021.[7]

The parties proceeded into discovery including deposing the three lead Participants. Following an initial discovery phase consistent with our November 19, 2020 Order, the Participants timely moved for class certification under Federal Rule of Civil Procedure 23(a) and 23(b)(1).[8] We certified a defined class after detailed findings the Participants established each of the Rule's requirements by a preponderance of the evidence.[9]

The parties then proceeded into the remaining discovery consistent with our November 19, 2020 Order on the issues necessary to present final expert disclosures, summary judgment motions, final pre-trial motions, and trial set for October 18, 2021. The parties confirmed they need to complete approximately eight depositions lasting no more than seven hours now set for June 8 through June 17, 2021.[10] The parties also confirmed they do not anticipate further discovery. The Participants confirmed they are today prepared to meet our expert disclosures deadline. The Fiduciaries concede the expert reports are derived from the depositions but may need to be revised depending on the Court of Appeals' analysis.

The Fiduciaries proceeded in discovery while petitioning our Court of Appeals for permission to appeal our class certification Order under Federal Rule 23(f).[11] The Fiduciaries raised, among other issues, the potential impact of *Thole* on class certification analysis.[12] We are not aware of authority from our Court of Appeals on this issue as yet. Our Court of Appeals granted the petition on May 18, 2021.[13] The court has not set a briefing schedule yet. Both parties suggest resolving the Rule 23(f) appeal may take over a year based on the Court of Appeals' treatment of similar appeals.

**I.     Analysis**

The Fiduciaries now move to stay all proceedings pending our Court of Appeals resolving the Rule 23(f) appeal.[14] We held oral argument. The Fiduciaries argue a stay is warranted, in part, because it would protect the parties and the Court from expending time and resources on discovery and trial which may prove unnecessary based on our Court of Appeals' ruling.[15] The Participants oppose a stay, arguing in part that discovery should continue because the Participants would seek the same discovery regardless of the outcome of the appeal.[16]

Federal Rule 23(f) provides "[a] court of appeals may permit an appeal from an order granting or denying class-action certification under this rule…An appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders."[17] Our Court of Appeals has not yet established the standard district courts should apply when deciding motions to stay proceedings pending Rule 23(f) appeals.[18] The parties agree consideration of the four-factor test outlined by the Supreme Court in *Nken v. Holder*[19] is appropriate.[20] These factors include: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."[21] A stay is an exercise of judicial discretion and the party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion.[22]

***Novel issues presented for appellate review warrant a trial stay.***

The first factor of demonstrating success on the merits of an appeal weighs in favor of staying a final trial resolution. A movant need only demonstrate "a reasonable chance" of success on the merits to be granted relief.[23] Our Court of Appeals granted the Fiduciaries' Rule 23(f) petition. Our Court of Appeals explained it may grant a Rule 23(f) petition if it would allow the

court to address "(1) the possible case-ending effect of an imprudent class certification decision (the decision is likely dispositive of the litigation); (2) an erroneous ruling; or (3) facilitate development of the law on class certification."[24] We recognize the Fiduciaries' appeal raises the novel issue of the impact of the Supreme Court's decision in *Thole* on class certification and on defined-contribution plans generally. We are confident in our thorough analysis of these issues but should not substitute our judgment for the Court of Appeals after it granted the Fiduciaries' Rule 23(f) petition. The Court of Appeals' grant of the Rule 23(f) review, as well as the developing analysis of these issues affecting tens of thousands of Participants, distinguishes our analysis from Judge Leeson's thoughtful analysis in *Huffman v. Prudential Insurance Company of America*, in which the defendant's Rule 23(f) petition – which did not present novel questions of law – had not yet been granted.[25]

We conclude the Fiduciaries demonstrate a reasonable chance of success on the merits and weigh this factor in favor of deferring final dispositive motions and trial.

### *Mitigating harm from the interlocutory appeal.*

As to the second factor regarding irreparable harm to the Fiduciaries in continuing to trial during the appeal, the Fiduciaries contend "[a]llowing the case to proceed could result in wasted time and money litigating issues – like the propriety of offering investment options [the Participants] did not select – that may be excluded from this case."[26] The Fiduciaries argue the evidence and motions practice related to the thirty investment options the Participants did not select will not substantially overlap with that of the seven investment options they did select.[27] The Fiduciaries' counsel argued the two levels of analysis the Fiduciaries' expert would need to engage in as to each of the Plan's investment offerings and how this analysis would depend, at least in part, on deposition testimony.

4

The Participants counter a stay is unnecessary because the eight, seven-hour depositions noticed for next month – of members and former members of the Plan's fiduciary committee and representatives of the Plan's third-party investment advisor – and their expert's analysis will be the same (or at least substantially similar) regardless of the outcome of the appeal.[28] Even in the absence of class certification, the Participants contend they may still proceed in a representative capacity under section 502(a)(2).[29] They argue continuing discovery will not waste resources because the primary focus of the depositions and the expert report will largely be on the Plan's overall decision-making processes rather than on individual investment options.[30]

We agree with both parties in part. We do not see harm issue in allowing the Participants to complete their depositions and submit their expert report as originally scheduled. The Participants have stated – both in their briefing and during the teleconference – they are ready to move forward with this discovery as planned.[31] They further represent they will not need additional discovery beyond these depositions. The Participants will be able to proceed on their breach of fiduciary duty claims irrespective of our Court of Appeals' decision on class certification and this discovery will therefore not prove to be a waste of the parties' resources.[32] This is especially true considering the focus of these depositions and the expert report will be on the Plan's decision-making processes and other Plan-wide issues such as recordkeeping.

While we decline to stay discovery as to these scheduled depositions and the submission of the Participants' expert report, we stay all other obligations under our November 19, 2020 Order, remaining cognizant of the complex issues and the need for our Court of Appeals' guidance to proceed further, including as to the Fiduciaries' expert report, summary judgment, and trial.

***Balancing the equities and public interest warrants staying final trial steps.***

Issuing a stay along these lines is consistent with our consideration of the third and fourth *Nken* factors. We appreciate the Participants prepared for the upcoming depositions of the noticed eight witnesses consisting of the Plan's fiduciary committee members and investment advisor representatives. Both parties recognize these depositions will proceed regardless of our Court of Appeals' analysis. The Participants are willing to invest the time and funds to depose these noticed witnesses now. We see the value in preserving testimony at this stage closer to the challenged conduct than possibly over a year later. We do not, however, see significant prejudice or harm resulting from staying the Fiduciaries' expert disclosures, expert depositions, summary judgment, pre-trial motions, and trial. This case is distinguishable from cases like *King Drug* as the Participants sued less than a year ago and, as such, a stay would not have a significant prejudicial and injurious impact on the class representatives and the public interest.

**II.     Conclusion**

We deny the Fiduciaries' Motion to stay all proceedings as stated. We allow the parties to complete fact discovery under our November 19, 2020 Order and provide additional time for Participants' expert disclosures on issues where they have the burden of proof. We vacate the parties' obligations in our November 19, 2020 Order regarding the Fiduciaries' expert disclosures, expert depositions, summary judgment, decertification, and *Daubert* motions, pre-trial submissions, and an attached trial date pending our Court of Appeals' final Order disposing of the Rule 23(f) appeal.

---

[1] ECF Doc. No. 4 ¶¶ 1, 5.

[2] *See generally id.*

³ 140 S. Ct. 1615 (2020). The Court in *Thole* held participants in a defined-benefit plan lacked standing to assert ERISA breach of fiduciary duty claims regarding the alleged mismanagement of the plan. *See id.* at 1619. The Court explained the participants lacked a concrete stake in the outcome of the case because, regardless of whether the participants won or lost, their future benefit payments would remain the same. *Id.* The Court emphasized it was "[o]f decisive importance" that the case involved a defined-benefit plan rather than a defined-contribution plan. *Id.* at 1618.

We followed our Court of Appeals' guidance on standing in the defined-contribution context in *Sweda v. University of Pennsylvania*, 923 F.3d 320 (3d Cir. 2019), which the court decided before *Thole*. In *Sweda*, our Court of Appeals held participants in a defined-contribution plan demonstrated injury-in-fact – and Article III standing – to bring ERISA breach of fiduciary duty claims by alleging "one or more of the named Plaintiffs…(1) invested in underperforming options including the CREF Stock and TIAA Real Estate accounts." 923 F.3d at 334 n.10. Our Court of Appeals explained this allegation "links the named plaintiffs with the underperforming investment options and is sufficient to show individual injuries." *Id.*

We found certifying a class of Participants with standing in this same defined-contribution context challenging Plan-wide processes and record keeping concerns regardless of the particular fund held by the three lead Participants is consistent with our Court of Appeals' guidance in *Sweda* and the Supreme Court's analysis in *Thone* is inapposite as it addressed a defined-benefit plan.

⁴ *See* ECF Doc. No. 20-1.

⁵ *Boley v. Universal Health Services, Inc.*, 498 F. Supp. 3d 715, 724 (E.D. Pa. 2020).

⁶ *Id.* at 723-25.

⁷ ECF Doc. No. 43.

⁸ ECF Doc. No. 52.

⁹ ECF Doc. No. 56.

¹⁰ ECF Doc. No. 72-2.

¹¹ Petition for Permission to Appeal, *Boley v. Universal Health Services*, No. 21-8014 (3d Cir. Mar. 22, 2021) (ECF Doc. No. 1-1).

¹² *See id.* at 9 - 10.

¹³ ECF Doc. No. 69.

¹⁴ ECF Doc. No. 72.

¹⁵ ECF Doc. No. 72-1 at 7-10.

¹⁶ ECF Doc. No. 74 at 14-17.

[17] Fed. R. Civ. P. 23(f).

[18] *King Drug Company of Florence, Inc. v. Cephalon, Inc.*, Nos. 06-1797, 06-1833, 06-2768, 2015 WL 9244638, at *3 (E.D. Pa. Dec. 17, 2015).

[19] 556 U.S. 418, 427 (2009).

[20] ECF Doc. No. 72-1 at 6; ECF Doc. No. 74 at 11.

[21] *Nken*, 556 U.S. at 434.

[22] *Id.* at 433-34.

[23] *King Drug*, 2015 WL 9244638 at *4 (quoting *Singer Mgmt. Consultants, Inc. v. Milgran*, 650 F.3d 223, 229 (3d Cir. 2011))

[24] *Newton v. Merill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 165 (3d Cir. 2001).

[25] No. 10-5135, 2018 WL 1281901, at *2 (E.D. Pa. Mar. 12, 2018).

[26] ECF Doc. No. 72-1 at 8.

[27] *Id.*

[28] ECF Doc. No. 74 at 14-15; ECF Doc. No. 72-2.

[29] *Id.* at 16.

[30] *Id.*

[31] ECF Doc. No. 74 at 14-17.

[32] *See King Drug*, 2015 WL 9244638 at *6 (concluding the second *Nken* factor weighed in favor of denying a motion to stay because "[t]he issues raised in the Rule 23(f) appeal, which by definition are confined to class certification, have no bearing on…the Individual Plaintiffs").