IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY K. BOLEY, *et al.*, | Case No: 2:20-cv-02644 |
| Plaintiffs, | February 15, 2023 |
| v. | |
| UNIVERSAL HEALTH SERVICES, INC., *et al.*, | |
| Defendants. | |

## DECLARATION OF LAURIE RUBINOW

I, Laurie Rubinow, hereby declare under penalty of perjury under the laws of the United

States and the State of Connecticut as follows:

1.      I am a Partner in the law firm of Miller Shah LLP ("Miller Shah") (together, with

co-counsel, Capozzi Adler, P.C., "Class Counsel"), and I am a member of the bar of the States of

Connecticut and New York, as well as the Commonwealth of Pennsylvania.  I have been

admitted *pro hac vice* in this case and am one of the attorneys who has worked on the above-

captioned action (the "Action") for Miller Shah on behalf of Mary K. Boley, Kandie Sutter, and

Phyllis Johnson, (collectively, "Plaintiffs") and the proposed Settlement Class, since its

engagement in this case.  I have personal knowledge of the facts set forth herein.

2.      Following the Court's grant of preliminary approval of the Settlement, Fiduciary

Counselors, Inc. ("Fiduciary Counselors") was selected and appointed as an independent

fiduciary for the Plan in connection with the Settlement and will be provided with sufficient

information to allow for a comprehensive review of the Settlement.  Fiduciary Counselors has

extensive experience reviewing settlements involving ERISA plans.  Fiduciary Counselors will

issue its report of the Settlement in this Action on or before February 28, 2023, at which time it

will be filed on the docket in this Action.

3.      During the course of this Action, the parties engaged in significant discovery, producing and reviewing over 150,000 pages of relevant documents and communications relating to the administration of the Universal Health Systems, Inc. Retirement Savings Plan (the "Plan"), as well as more than 15,000 pages of additional documents identified by Plaintiffs and Class Counsel regarding the Plan and pertinent comparators with respect to investments and administrative expenses, relationships between and among fiduciaries, and the Plan's investment and recordkeeping monitoring processes.  In addition, the parties completed in excess of fifteen depositions and each side produced expert reports on all issues pertaining to liability and damages, while also preparing the case for an expected trial in December 2022.  Plaintiffs also have worked with consulting experts to assess issues with respect to liability and damages as part of the pre-litigation investigation and throughout the litigation and settlement process.  Notably, Plaintiffs also defended an appeal to the Third Circuit Court of Appeals, which resulted in a positive decision for the Plan and the Class that is widely considered one of the most important, if not the most important, appellate decision regarding class certification in ERISA representative actions in the past several years.  The parties also engaged in a lengthy process in which they communicated their respective positions concerning Plaintiffs' likelihood of success on their claims and potential recovery on behalf of the Plan, including a lengthy mediation with Robert E. Meyer, Esquire of JAMS, a nationally-recognized mediator, as well as follow-up discussions with Mr. Meyer that culminated in a mediator's proposal that resulted in this Settlement.  There has been no collusion or complicity of any kind in connection with the Settlement reached in this Action or any related negotiations.

4.      As noted in connection with seeking preliminary approval of the proposed

Settlement in this case, Class Counsel have significant experience in similar litigation, and are well-informed as to the specifics of this Action.  Here, Class Counsel's thorough investigation, coupled with the significant discovery and pretrial preparation conducted in this Action, has afforded them with a comprehensive understanding of the merits of the claims asserted, the strength of Defendants' defenses, and the values of theoretical outcomes of the Action.  In addition, Class Counsel have engaged in extensive consultation with experts in assessing the claims, defenses, and potential damages in connection with their negotiation of the Settlement.

5.      Miller Shah and its co-counsel, Capozzi Adler, P.C., have fully investigated and developed this Action, reviewed significant discovery, worked with experts, and engaged in motion practice to properly and vigorously represent the interest of the Plan and the Class, and will continue to do so.

6.      Plaintiffs were diligently engaged in the litigation of the Action from its inception, including, *inter alia*, providing documents and information to Class Counsel in connection with their pre-suit investigation of the Action, providing documents to Class Counsel and answering requests for information, participating in regular conference calls with Class Counsel, appearing for depositions, reviewing pleadings and other Court documents in order to stay apprised of developments in the Action and fulfill their duties to the Settlement Class.  In addition, Plaintiffs were in contact with Class Counsel during the mediation sessions and participated in Settlement discussions on an ongoing basis, and have remained engaged in this case since the Court granted preliminary approval of the Settlement.  Indeed, I have communicated with each  Plaintiff on a frequent basis throughout the pendency of this litigation as part of our regular status conference calls and to assist in the prosecution of the Action.

7.      Based on a review of the docket in this Action and confirmation with Strategic

Claims Services, to date, two members of the Settlement Class have filed objections to the

Settlement, and no Class members have objected to the requested attorneys' fees, expenses, and

service awards.  The objections filed by these Settlement Class members are addressed in the

separate Declaration filed on this date by my partner, James C. Shah, who was able to reach one

of the objecting Class members and address her concerns.

8.	The Notice to the Class provided that Class Counsel may apply for an award of

attorneys' fees not to exceed one-third of the Settlement Fund, plus expenses of up to $300,000.

Although Class Counsel have incurred well in excess of $300,000[1] in expenses, they only seek

reimbursement of that amount because this is the amount of expenses that the Settlement Class

was advised would be the maximum amount for which reimbursement would be sought.  Despite

working on this Action for almost three full years, Class Counsel have not received any payment

for their services or expenses incurred for prosecuting the Action.

9.	As set forth in the accompanying motion for attorneys' fees, expenses, and case

contribution awards, Class Counsel are requesting attorneys' fees of one-third of the Settlement

Fund, plus expenses of $300,000.  The requested fee award is well within the range of fees

awarded by courts in this District, as well as throughout the country, as set forth in the

accompanying Motion.  Indeed, the requested fee results in only a modest multiplier of 1.46

---

[1]As reflected in Exhibit "A" to this Declaration, Class Counsel's current expenses are in excess of $500,000 and Class Counsel estimate that they will incur approximately $5,000 in additional expenses based upon past experience in similar cases.  The reason that expenses are significantly higher than the amount for which reimbursement was sought is that, after preliminary approval was granted, Class Counsel discovered that, as a result of a bookkeeping error, certain case expenses had been inadvertently characterized as "time" as opposed to "expenses," and, therefore, were not captured as expenses incurred by Class Counsel, even though they had been paid.. Class Counsel obviously do not believe it would be fair or appropriate under the circumstances to seek separate reimbursement of that amount.  Class Counsel do believe, however, that this information should be considered as part of the Court's lodestar cross-check, as discussed below.

when all time devoted and to be devoted to the engagement is considered and, when the over

$200,000 in expenses incurred for which reimbursement is neither sought nor be obtained is

considered, the multiplier amounts to only a 1.38 multiplier, both of which are well within the

range of multipliers deemed reasonable by this Court under similar circumstances, as set forth in

the accompanying Motion.

10.     Class Counsel achieved this favorable result for the Class at significant risk and

substantial expense.  Class Counsel were unwavering in their dedication to the interests of the

Class and their investment of the time and resources necessary to bring this action to a successful

conclusion against the Defendants.  Class Counsel's compensation for the services rendered has

always been wholly contingent.  The requested fee is reasonable based on the quality of Class

Counsel's work and the substantial benefit obtained for the Class.

11.     For their extensive efforts on behalf of the Class, Class Counsel is applying for

compensation from the Settlement Fund on a percentage-of-the-fund basis, and seeks the Court's

approval of the same.  The percentage-of-the-fund method is the appropriate method of

compensating counsel because, among other things, it aligns Counsel's interests in being paid a

fair fee with the interests of the Class in achieving an optimal resolution under the circumstances.

In addition, the percentage-of-the-fund method is particularly appropriate here given the

favorable result achieved.

12.     Class Counsel's compensation for the services rendered was wholly contingent on

their success.  Demonstrating Class Counsel's commitment to this Action, they have devoted

more than 4,500 hours to litigating the Action resulting in a lodestar of $2,701,593.50.  Class

Counsel's lodestar is set forth in Exhibit "B" to this Declaration.[2]  I have confirmed that Class

Counsel's lodestar is based upon their normal hourly rates that have been regularly approved by

courts throughout the United States.  In addition, these hourly rates are the same hourly rates that

our firm charges for hourly engagements.  Based upon past experience, Class Counsel will likely

expend at least an additional $100,000 in lodestar (and likely closer to $150,000) in connection

with final approval proceedings and Settlement administration, including responding to inquiries

by members of the Settlement Class, which occur on a daily basis.  Assuming that $150,000 in

additional time is expended in connection with the Settlement, Class Counsel's one-third fee

request represents a modest multiplier of 1.46 of their aggregate lodestar (excluding the value of

the non-monetary relief obtained on behalf of the Plan), and is well within range of multipliers

awarded by courts in this District and throughout the country.  I have confirmed that Class

Counsel's expenses are reflected in the respective books and records maintained by each of the

firms, and are an accurate record of the expenses incurred in this Action.  The time devoted by

Class Counsel and the expenses incurred by all counsel in the prosecution of the litigation are set

forth in Exhibit "A" and "B" to this Declaration.  I respectfully submit that all of these costs and

expenses are reasonable and should be approved by the Court. [3]

13.     Miller Shah's attorneys are experienced in class action litigation, including in

ERISA class actions, and have recovered more than $1 billion on behalf of their clients in class

---

[2]Exhibit "B" sets forth the lodestar of all Class Counsel, while the Declaration of Mark K. Gyandoh reflects only the lodestar of Capozzi Adler.

[3]Indeed, as noted above, as a result of a bookkeeping error, Class Counsel's expenses are understated by over $200,000.  If that amount is considered, as explained above, the multiplier sought by Class Counsel is 1.38.  Thus, Class Counsel stand ready to submit their detailed time and expense records for *in camera* review, or otherwise, should the Court determine that review of the same is necessary or appropriate.

actions nationwide.[4]  In ERISA class and representative actions, James E. Miller, Alec J. Berin,

and I lead the Firm's practice and, over the past decade, we have served as lead counsel in some

of the most significant ERISA cases prosecuted throughout the United States on behalf of

retirement plans and their participants, including: *Healthcare Strategies, Inc. v. ING Life Ins. &*

*Annuity Co.*, No. 3:11-CV-282 (D. Conn.) (class action on behalf of retirement plans tried before

the Honorable William G. Young and resulting in a settlement valued at over $400 million for a

class of retirement plans); *Phones Plus, Inc. v. Hartford Fin. Servs., Inc.*, No. 3:06-cv-01835 (D.

Conn.) (class action settlement with value of over $80 million on behalf of class of retirement

plans); *Golden Star, Inc. v. Mass Mutual Life Ins. Co.*, No. 3:11-cv-30235 (D. Mass.) ($9.475

million class action settlement on behalf of class of retirement plans); *Butler National v. Union*

*Central Life Ins. Co.*, No. 1:12-cv-177 (S.D. Ohio) ($2.25 million common fund established for

class of retirement plans and other relief to class valued at over $15 million); *Terraza v. Safeway,*

*Inc.*, No. 4:16-cv-03994 (N.D. Cal.) (settlement of $8.5 million for class of plan participants);

*Jones v. Coca-Cola Consolidated, Inc.*, No. 3:20-cv-00988 (W.D.N.C.) ($3.5 million class action

settlement); *Blackmon v. Zachry Holdings, Inc.*, No. 5:20-cv- 00988 (W.D. Tex.) ($1.875 million

class action settlement); and *Hay v. Gucci, Inc.*, No. 2:17-cv-07148 (D.N.J.) ($1.2 million

settlement for class of plan participants in small defined contribution retirement plan).  In

addition, in 2020, Mr. Miller was named whistleblower lawyer of the year by Taxpayers Against

Fraud, a well-respected nonprofit association, for his work on behalf of the United States and

certain states in recovering $678 million in *U.S. ex rel. Bilotta v. Novartis Pharmaceuticals*

*Corp.*, No. 11 Civ. 0071 (PGG), and $54 million in *U.S. ex rel. Arnstein, et al. v. Teva*

---

[4]*See* https://millershah.com/practice-areas/employee-benefits-fiduciary-compliance/401-k-fee-litigation-gatekeeper-cases/.

*Pharmaceuticals, et al.*, No. 13 Civ. 3702 (CM), both of which settled on the eve of trial in the

Southern District of New York before Judge Gardephe and Chief Judge McMahon, respectively,

and demonstrate Miller Shah's ability to handle exceptionally complex litigation.  Thus, the

attorneys at Miller Shah have the experience, resources, expertise, and aptitude necessary to

properly represent the interests of the Plan and the Settlement Class in this Action.  Since the

inception of this Action, Miller Shah has acted cooperatively with Capozzi Adler, P.C., a firm

with in-depth experience litigating ERISA class actions similar to the Action.

14.     Defendants are represented by very experienced counsel, Morgan Lewis &

Bockius LLP, which spared no effort in the defense of their clients.  Defendants' counsel

vigorously defended their clients, insisted they had no liability and gave every indication they

were ready to proceed with the litigation to trial if a settlement was not reached.  In the face of

this opposition, Class Counsel developed Plaintiffs' case so as to persuade Defendants to settle

the Action on a basis favorable to the Class under the circumstances.

15.     This litigation was undertaken by Class Counsel on a wholly-contingent basis.

From the outset, Class Counsel understood that they were embarking on a complex, expensive,

and lengthy litigation with no guarantee of ever being compensated for the enormous investment

of time and money the case would require.  In undertaking that responsibility, Class Counsel was

obligated to ensure that sufficient attorney and paraprofessional resources were dedicated to the

prosecution of this Action and that funds were available to compensate staff and the considerable

costs which a case such as this entails.

16.     Because of the nature of a contingent practice in the area of employee benefits

litigation, where cases are predominantly large cases lasting several years, not only do contingent

litigation firms have to pay regular overhead, but they also have to advance the expenses of the

litigation.  This does not even take into consideration the possibility of no recovery.  As discussed above, from the outset, this Action presented a number of risks and uncertainties which could have prevented any recovery whatsoever.  It is wrong to assume that law firms handling complex contingent litigation such as this always win.  Tens of thousands of hours have been expended in losing efforts.  The "risks of litigation" factor employed by courts in analyzing fee requests is not an empty phrase.  There was a demonstrable risk that the Class and its counsel would receive nothing.  It took hard and diligent work by skilled counsel to develop facts and theories which persuaded Defendants to enter into serious settlement negotiations.

17.     Based upon the claims remaining in the case, Plaintiffs and their experts have estimated that realistically recoverable damages range from an average of $9,331,087 to $23,903,153, with a midpoint of $16,617,120, depending upon the methodology and assumptions employed and when brought to present value by applying a reasonable interest rate.  While figures in this range are defensible, the likelihood of establishing the higher figure faces more challenges than the lower figure.  Indeed, if the Class Action proceeded through trial, Defendants would likely challenge the loss calculation methodology and interest rates applied (not to mention challenges to causation and other elements of Plaintiffs' claims).  Accordingly, the Settlement recovery amounts to over 75% of the midpoint of the average of realistically recoverable damages.

18.     When Class Counsel undertook to act for Plaintiffs and the Plan's participants and beneficiaries in this action, it was with the knowledge that they would spend many hours of hard work against some of the best defense lawyers in the United States, with no assurance of obtaining any compensation for their efforts.  The benefits conferred on the class by this Settlement are particularly noteworthy in that a Settlement Fund worth $12,500,000 and non-

monetary relief were obtained for the Settlement Class despite the existence of substantial risks

of no recovery in light of the vigorous defense mounted by Defendants, and the practical

obstacles to obtaining a larger recovery after continued litigation.

19.     I declare under penalty of perjury that the foregoing is true and correct.  Executed

this 15th day of February, 2023 at Chester, Connecticut.

*/s/ Laurie Rubinow*
Laurie Rubinow

# EXHIBIT A

**Expenses (all Counsel on behalf of Settlement Class)**

| Category | Amount |
|---|---|
| | |
| Computer Research/Access | $1,320.21 |
| Court Reporters/Transcripts | $30,917.05 |
| Data Storage/Management | $709.28 |
| Experts/Investigators | $460,087.25 |
| Filing Fees | $55.00 |
| Mediation | $8,975.00 |
| Process Services/Couriers | $261.00 |
| | |
| Miller Shah Expenses | $502,324.79 |
| | |
| Co-Counsel Expenses | $1,965.43 |
| | |
| **Total Expenses** | **$504,290.22** |

# EXHIBIT B

**Lodestar by Time Keeper (all Class Counsel)**

| Timekeeper | Role | Hourly Rate | Hours | Fee Amount |
|---|---|---|---|---|
| Kendall Adams | Paralegal | $250.00 | 1 | $250.00 |
| Lisa Basial | Senior Associate | $450.00 | 16.6 | $7,470.00 |
| Alec Berin | Managing Associate Attorney | $550.00 | 745.9 | $410,245.00 |
| Jillian Boyce | Senior Paralegal | $275.00 | 62.8 | $17,270.00 |
| Giulia Conboy | Legal Intern | $250.00 | 1 | $250.00 |
| Ho Yin Cheung | Project Analyst | $250.00 | 85.8 | $21,450.00 |
| Elena DiBattista | Paralegal | $225.00 | 21.6 | $4,860.00 |
| Jonathan Dilger | Research Director | $500.00 | 524.4 | $262,200.00 |
| Betsy Hitriz-Ferlnig | Paralegal | $250.00 | 39.2 | $9,800.00 |
| Kathleen Hughes | Paralegal | $250.00 | 21.7 | $5,425.00 |
| Linda Gussler | Paralegal | $350.00 | 64.5 | $22,575.00 |
| Mark Gyandoh | Partner | $885.00 | 129.5 | $114,607.50 |
| Gabrielle Kelerchian | Associate Attorney | $550.00 | 137.2 | $75,460.00 |
| Samantha Kielbania | Project Analyst | $250.00 | 284.9 | $71,225.00 |
| James Miller | Partner | $1,100.00 | 569.9 | $626,890.00 |
| Sue Moss | Paralegal | $250.00 | 94.8 | $23,700.00 |
| Hugh Murchie | Legal Intern | $250.00 | 27.4 | $6,850.00 |
| Michael Ols | Associate Attorney | $425.00 | 186.7 | $79,347.50 |
| Nicholas Ono | Project Analyst | $250.00 | 110.3 | $27,575.00 |
| Rrita Osmani | Law Clerk | $275.00 | 199.8 | $54,945.00 |
| Lauren Phillips | Paralegal | $335.00 | 3 | $1,005.00 |
| Don Reavey | Partner | $885.00 | 116.6 | $103,191.00 |
| John Roberts | Associate Attorney | $550.00 | 405.7 | $223,135.00 |
| Laurie Rubinow | Partner | $850.00 | 138.3 | $117,555.00 |
| James Shah | Partner | $975.00 | 148.1 | $144,397.50 |
| Thomas Sinclair | Associate Attorney | $550.00 | 2.3 | $1,265.00 |
| Kolin Tang | Partner | $750.00 | 287 | $215,250.00 |
| Elise Wilson | Project Analyst | $250.00 | 27.4 | $6,850.00 |
| Nathan Zipperian | Partner | $950.00 | 49 | $46,550.00 |
| | | | 4502.4 | $2,701,593.50 |